UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GALICIA, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　　v.<br><br><br>ICE CREAM HOUSE ON BEDFORD AVE LLC, ICE CREAM HOUSE, LLC, ICE CREAM HOUSE ON AVE M LLC, ICE CREAM HOUSE ON 36TH STREET LLC, REAL KOSHER ICE CREAM INC., DANIEL KLEIN, DAVID KLEIN, AND VICTOR KLEIN,<br><br>　　　　　　　　　Defendants. | Civil No. 16-cv-6738 CBA-PK |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016
Tel. (212) 571-2000

1

**TABLE OF CONTENTS**

**ARGUMENT** ........................................................................................................................... **4**

    I. THE R&R IMPROPERLY RELIED UPON ALLEGATIONS PLEAD ON INFORMATION AND BELIEF... 4

    II. THE R&R INACCURATELY APPLIED THE STANDARD FOR DETERMINING WHETHER PLAINTIFF HAS STATED A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE. ........................................... 6

**CONCLUSION** ........................................................................................................... **8**

## TABLE OF AUTHORITIES

### CASES

*Arista Records, LLC v. Doe,* 604 F.3d (2d Cir. 2010) .................................................................. 4

*Ashcroft v. Iqbal*, 556 U.S. (2009) ................................................................................................ 6

*Morangelli v. Chemed Corp*., 922 F. Supp. 2d (E.D.N.Y. 2013) .................................................... 7

*Peng Bai v. Zhuo,* No. 13-CV-5790 (ILG)(SMG), 2014 WL 2645119, at *3 (E.D.N.Y. June 13,
   2014) ........................................................................................................................................ 8

### RULES

Federal Rule of Civil Procedure 72(b)............................................................................................ 4

Local Rule 72.1 ............................................................................................................................... 4

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, Defendant Real Kosher Ice Cream Inc. ("RKIC") respectfully objects to the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 52) filed October 17, 2017. The Magistrate Judge erred in recommending that the Court deny RKIC's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") by:

- Relying upon allegations plead on information and belief that were not exclusively within the possession of the Defendants and without sufficient additional allegations to demonstrate the basis for Plaintiff's beliefs; and

- Inaccurately applying the standard for determining whether Plaintiff has stated a claim to relief that is plausible on its face.

## ARGUMENT

### I. The R&R Improperly Relied Upon Allegations Plead on Information and Belief.

Allegations based upon information and belief are generally not sufficient to demonstrate a viable cause of action. Instead, such allegations are relevant only if (i) knowledge of the facts in question are exclusively within the possession of the opposing party or (ii) the plaintiff makes additional allegations that demonstrate the basis for the belief. (*See Arista Records, LLC v. Doe,* 604 F.3d 110, 120 (2d Cir. 2010).) The R&R's analysis cites to SAC paragraphs (SAC ¶¶ 9, 33, 35, 36, and 39), plead 'upon information and belief.' (R&R at 6.)

SAC ¶ 9 alleges, "Upon information and belief, the Entity Defendants all use the same employee manuals, company letterhead and payroll operations." (*Id.*) The employee manuals, company letterhead, and payroll operations used by RKIC are known to both employees and customers of RKIC and are not knowledge exclusively within the possession of the opposing party.

4

Plaintiff did not make additional allegations demonstrating the basis for this alleged belief. (*See* SAC.) The R&R, therefore, improperly relied upon SAC ¶ 9.

SAC ¶ 33 alleges, "Upon information and belief, Bedford Ave, Ice Cream House Manufacturing Plant, Ave M, and 36th Street only carry ice cream manufactured and/or distributed by Real Kosher." (*Id.*) The type of ice cream sold at any of the Ice Cream House entities is apparent to anyone who steps into any of the stores and it is not knowledge exclusively within the possession of the opposing party. Plaintiff did not make additional allegations demonstrating the basis for this alleged belief. (*See* SAC.) The R&R, therefore, improperly relied upon SAC ¶ 33.

SAC ¶ 35 alleges, "Upon information and belief, Bedford Ave, Ice Cream House Manufacturing Plant, Ave M, and 36th Street are organized for the purpose of supporting Real Kosher with its mission of providing Kosher ice cream to the public." (*Id.*) Bedford Ave, Ice Cream House Manufacturing Plant, Ave M, and 36th Street are for profit businesses and their purpose is apparent to anyone who steps into any of the stores and it is not knowledge exclusively within the possession of the opposing party. Plaintiff did not make additional allegations demonstrating the basis for this alleged belief. (*See* SAC.) The R&R, therefore, improperly relied upon SAC ¶ 35.

SAC ¶ 36 alleges, "Upon information and belief, the Individual Defendants consider and resolve payroll, scheduling, and human resources issues for all of the Entity Defendants. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations." (*Id.*) Any RKIC employee is aware of how payroll, scheduling, and human resources issues are resolved and it is not knowledge exclusively within the possession of the opposing party. Plaintiff did not make additional allegations demonstrating the basis for this alleged belief. (*See* SAC.) The R&R, therefore, improperly relied upon SAC ¶ 36.

SAC ¶ 39 alleges, "Upon information and belief, each of the Entity Defendants share and interchange employees insofar as employees who are employed by one of the Entity Defendants are sent to work for the others when the need arises." (*Id.*) The employees of RKIC know whether they are sent to work for others when the need arises and it is not knowledge exclusively within the possession of the opposing party. Plaintiff did not make additional allegations demonstrating the basis for this alleged belief. (*See* SAC.) The R&R, therefore, improperly relied upon SAC ¶ 39.

The R&R's overreliance on improperly plead allegations undermines its ultimate legal conclusion. Further, if one were to sit down and strike out each improperly plead allegation, bald legal conclusion, and recitation of the elements of a cause of action, there is insufficient factual matter, even if accepted as true, remaining in the SAC to state a claim to relief that is plausible on its face. (*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

**II. The R&R Inaccurately Applied the Standard for Determining Whether Plaintiff Has Stated a Claim to Relief That Is Plausible on Its Face.**

Plaintiff did not work directly for RKIC. (R&R at 3.) The SAC must, therefore, sufficiently allege that RKIC is liable to Plaintiff under either the 'single integrated enterprise,' or 'joint employer,' test. (*Id.*) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id. citing Ashcroft*, 556 U.S. at 678.) "The Court considers the plausibility of plaintiff's allegations in context by 'drawing on its judicial experience and common sense.'" (*Id. citing Ashcroft*, 556 U.S. at 679.)

The single integrated enterprise and/or joint employer theories proposed by Plaintiff should be applied only in "extraordinary circumstances" where a plaintiff can demonstrate

6

"sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." (*Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 285 (E.D.N.Y. 2013).) Plaintiff has failed to sufficiently allege that RKIC is *jointly responsible* for the acts of Plaintiff's immediate employer. (*See* SAC.)

The R&R's analysis focuses on the alleged "common purpose of selling, manufacturing, distributing, and selling kosher ice cream to the public on a retail and wholesale basis." (R&R at 6.) Assuming *arguendo* that the Entity Defendants do share the common purposes of marketing and selling the same or similar product, Plaintiff's allegation of their common marketing efforts and common purpose are not sufficient to allege that RKIC is *jointly responsible* for the alleged unlawful acts of Plaintiff's immediate employer. The SAC fails to allege that RKIC caused or had control over the events that led to the purported FLSA or NYLL violations allegedly committed by Plaintiff's immediate employer. (*See* SAC.)

The R&R correctly notes that the Plaintiff recites in a conclusory manner the elements of the joint employer test. (*Id.*) The R&R, however, bolsters the insufficient recitation of the legal elements by improperly relying upon allegations plead upon information and belief. (*See e.g.,* SAC ¶¶ 9, 36, 39; *Infra* at I.)

The R&R ignores the Court's own judicial experience and common sense when finding the "Plaintiff's allegations are not contradictory to the point of implausibility." (R&R at 8.) Plaintiff's alleges the names of five distinct corporate entities all appear on each of his paystubs. (SAC ¶¶ 44, 55, 66, 77, and 88.) Without needing to look at the Paystubs actually submitted by the Plaintiff earlier in these proceedings, the Court should have relied upon its judicial experience and commons sense to find that the Plaintiff's admission that Plaintiff did not work directly for

7

RKIC and the Plaintiff's internally contradictory allegation that the Entity Defendants "willfully failed to furnish Named Plaintiff … with statements with every payment of wages … listing … [the] name of employer," (SAC ¶ 221.), rendered the Plaintiff's allegations contradictory to the point of implausibility. (*See Peng Bai v. Zhuo,* No. 13-CV-5790 (ILG)(SMG), 2014 WL 2645119, at *3 (E.D.N.Y. June 13, 2014).)

The R&R, therefore, inaccurately applied the standard for determining whether Plaintiff has stated a claim to relief that is plausible of its face.

## CONCLUSION

For the foregoing reasons, the facts and legal arguments set forth in Defendant RKIC's previously submitted briefs, and based upon the oral arguments held in this matter, Defendant RKIC respectfully requests that this Honorable Court decline to adopt the Honorable Magistrate Judge's Report and Recommendation and dismiss all claims asserted in this action against RKIC with prejudice pursuant to Rule 12(b)(6).

Dated: October 31, 2017
New York, New York

Respectfully submitted,

By: \_\_\_\_/s/_____

Benjamin Weisenberg

THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
benjamin@ottingerlaw.com

*Counsel for Defendant RKIC*