UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM GALICIA, on Behalf of Himself
and All Others Similarly Situated,

              Plaintiff,

-against-

ICE CREAM HOUSE ON BEDFORD AVE
LLC, ICE CREAM HOUSE, LLC, ICE
CREAM HOUSE ON AVE M LLC, ICE
CREAM HOUSE ON 36TH STREET LLC,
REAL KOSHER ICE CREAM INC.,
DANIEL KLEIN, DAVID KLEIN, and
AVIGDOR KLEIN,

              Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
16-CV-6738 (CBA) (PK)

**AMON, United States District Judge:**

      Plaintiff William Galicia brings this action against Defendants Ice Cream House on Bedford Ave LLC, Ice Cream House, LLC, Ice Cream House on Ave M LLC, Ice Cream House on 36th Street LLC, Real Kosher Ice Cream Inc. ("RKIC"), Daniel Klein, David Klein, and Avigdor Klein, asserting individual, class, and collective claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 et seq. (D.E. # 40.) On May 19, 2017, the Court referred to the Honorable Peggy Kuo, United States Magistrate Judge, RKIC's intended motion to dismiss all claims against it. (D.E. dated May 19, 2017.) RKIC filed the motion on July 13, 2017, (D.E. # 42), and Magistrate Judge Kuo recommended that this Court deny the motion, (D.E. # 52). Before the Court is her Report and Recommendation ("R&R"), dated October 17, 2017. For the reasons set forth below, the Court adopts the well-reasoned R&R.

      When deciding whether to adopt an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

1

§ 636(b)(1). To accept those portions of the R&R "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). When a party makes specific objections, the Court "must determine de novo any part of the magistrate judge's disposition" to which the party objected. Fed. R. Civ. P. 72(b)(3). But if a party "makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." Picinich v. N.Y. Dep't of Educ., No. 16-CV-844 (CBA), 2017 WL 1079976, at *1 (E.D.N.Y. Mar. 22, 2017).

On October 31, 2017, RKIC timely objected to the R&R. (D.E. # 53.) However, most of RKIC's objections constitute attempts at relitigating arguments it presented to Magistrate Judge Kuo. The Court identifies only two new, specific objections and rejects both. First, RKIC argues that Magistrate Judge Kuo improperly assumed the truth of certain pleadings made upon information and belief. (Id. at 4.) RKIC is incorrect. "When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that he believes to be true." Barrett v. Forest Labs., Inc., 39 F. Supp. 3d 407, 431 (S.D.N.Y. 2014) (internal quotation marks and alterations omitted) (quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co., 631 F.3d 436, 442 (7th Cir. 2011)). A plaintiff may plead facts upon information and belief—and a court may assume the truth of those facts for purposes of a dismissal motion—"where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citations

omitted). All of the Second Amended Complaint paragraphs challenged by RKIC satisfy the standard set by the Second Circuit in Arista Records. Magistrate Judge Kuo correctly relied upon those allegations in her recommendation to deny the motion. In any event, Magistrate Judge Kuo identified in her R&R other well-pleaded allegations, which, standing alone, compel the conclusion that RKIC's motion should be denied. Accordingly, the Court rejects RKIC's first objection.

Second, RKIC contends that Magistrate Judge Kuo "should have relied upon [her] judicial experience and commons [sic] sense to find that the Plaintiff's admission that Plaintiff did not work directly for RKIC and the Plaintiff's internally contradictory allegation that the Entity Defendants 'willfully failed to furnish Named Plaintiff . . . with statements with every payment of wages . . . listing . . . the name of employer,' rendered the Plaintiff's allegations contradictory to the point of implausibility." (D.E. # 53 at 7–8 (alterations and citation omitted).) This argument makes no sense and warrants no further comment.

Having disposed of the two proper objections, the Court examines the rest of the R&R for clear error. Finding none, the Court adopts Magistrate Judge Kuo's well-reasoned R&R. Plaintiff's Second Amended Complaint contains allegations making plausible the claim that RKIC qualifies as an employer under the FLSA and NYLL. Accordingly, the Court DENIES RKIC's motion to dismiss.

SO ORDERED.

Dated: December 28, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

3