UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM GALICIA, on Behalf of
Himself and All Others Similarly Situated,

                     Plaintiffs,

-vs.-

ICE CREAM HOUSE ON BEDFORD AVE LLC,
ICE CREAM HOUSE, LLC, ICE CREAM HOUSE
ON AVE M LLC, ICE CREAM HOUSE ON 36TH
STREET LLC, REAL KOSHER ICE CREAM INC.
DANIEL KLEIN, DAVID KLEIN, and
AVIGDOR KLEIN,

                     Defendants.
------------------------------------------------------------X

Case No.: 1:16-cv-06738

**STIPULATION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE**

Plaintiff, William Galacia, on behalf of himself and all others similarly situated ("Plaintiff") and defendants ICE CREAM HOUSE ON BEDFORD AVE LLC ("Bedford Ave."), ICE CREAM HOUSE, LLC ("Ice Cream House"), ICE CREAM HOUSE ON AVE M LLC ("Avenue M"), ICE CREAM HOUSE ON 36TH STREET LLC ("36 St."), REAL KOSHER ICE CREAM INC ("RKIC"), DANIEL KLEIN ("Daniel"), DAVID KLEIN ("David"), and AVIGDOR KLEIN ("Avigdor") (hereinafter Bedford Ave., Ice Cream House, Avenue M, 36 St., Daniel, David, and Avigdor collectively "Defendants[1]"), by and through their undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, Plaintiff commenced this action, bringing claims under the Fair Labor Standards Act, as a collective action and under the New York Labor Law, as a class action, in the United States District Court for the Eastern District of New York; and

---

[1] The term "Defendants" has intentionally been defined here to exclude Real Kosher Ice Cream, Inc.

1

**WHEREAS**, Plaintiff alleges he was employed by Defendants and RKIC as a non-exempt employee for Defendants' business, and seeks to represent a collective and class comprised of similarly situated workers under the Fair Labor Standards Act and New York Labor Law;

**WHEREAS**, Plaintiff moved for conditional collective action certification and notice pursuant to 29 U.S.C. 216(b) on April 6, 2017, as against the Defendants as well as RKIC;

**WHEREAS**, Defendants and RKIC filed their opposition to Plaintiff's motion for conditional certification on May 16, 2017;

**WHEREAS**, Plaintiff filed a reply in further support of the motion for conditional certification on May 31, 2017;

**WHEREAS**, the parties, without prejudice to Defendants' rights to move for decertification of the collective action at a later date, have negotiated the terms of a proposed notice to be sent to members of the alleged collective ("The Notice") which is appended hereto as Exhibit "1", and the process for disseminating The Notice;

**WHEREAS**, the parties have reached an agreement on the scope, form, and manner of distribution of The Notice in this matter, subject to the Court's approval; and

**NOW THEREFORE IT IS STIPULATED AND AGREED:**

1. Plaintiff hereby withdraws his motion for conditional collective action certification and notice pursuant to 29 U.S.C. 216(b) as against Defendants;

2. Defendants withdraw their opposition to conditional collective action certification and notice pursuant to 29 U.S.C. 216(b);

3. The Parties jointly request that with respect to RKIC, the Court hold its decision on the motion for preliminary collective certification in abeyance, and issue a referral to the EDNY settlement panel forthwith for possible global settlement of the within action;

4. Within fourteen (14) days after the Court has "So-Ordered" this stipulation, Defendants shall provide to Plaintiff's counsel the names, titles, compensation rates, last known mailing addresses, email addresses, all known telephone numbers, social security numbers, and dates of employment of all Warehouse Workers, Retail Employees, and Drivers as the terms are defined in the Plaintiff's Second Amended Complaint, employed by Defendants at any point in time from six years prior to the date the Plaintiff filed the complaint ("Defendants' Collective List") for the purposes of disseminating The Notice herein;

5. All information listed in Paragraphs 4 shall be deemed confidential;

6. Within fourteen (14) days after Plaintiff's receipt of the information stated in Paragraphs 4, Plaintiff's counsel shall disseminate The Notice and a Consent to Join form to each individual on the Defendants' Collective List via U.S. Mail. The "Consent to Join" is appended hereto as Exhibit "2";

7. Within fourteen (14) days after Plaintiff's receipt of the information stated in Paragraphs 4, Plaintiffs' counsel shall transmit to each FLSA Collective Member a text message, in English and Spanish, containing a link to The Notice and Consent to Join Form, in the form of the text message annexed hereto as Exhibit "3";

8. Within fourteen (14) days after Plaintiff's receipt of the information stated in Paragraphs 4, Plaintiffs' counsel shall transmit to each FLSA Collective Member an email, in English and Spanish, with an English and Spanish translated copy of the Notice and Consent to

Join Form. The email will feature the following subject line: "Galicia, et al v. Ice Cream House, et al, Case No. 16-cv-06738 (E.D.N.Y.)." The form of the email is annexed hereto as "4";

9. The individuals on the Defendants' Collective List shall have 60 days from the date on which The Notice is sent (the "Opt-in Period") to return the Consent to Join form in the manner set forth in the Notice. The 60 days shall be measured from the date of the sending of the Notice and Consent to Join form;

10. Individuals whose notice is returned as undeliverable and for whom a forwarding address is supplied shall have 60 days from the date on which a second notice is sent to return the "Consent to Join" form to Plaintiff's Counsel;

11. During the Opt-in Period, Defendants shall post an English and Spanish translated copy of The Notice in a conspicuous place in each location at which each of the Defendants are conducting business;

12. Thirty (30) days after the initial mailing of The Notice, Plaintiff's Counsel shall send a reminder notice, appended hereto as Exhibit "5" and another Consent to Join form to all individuals on the Collective List who have not opted into the Lawsuit via U.S Mail;

13. Thirty (30) days after the initial mailing of The Notice, Plaintiff's Counsel shall send a reminder notice, appended hereto as Exhibit "6" and another Consent to Join form to all individuals on the Collective List who have not opted into the Lawsuit via text message;

14. Thirty (30) days after the initial mailing of The Notice, Plaintiff's Counsel shall send a reminder notice, appended hereto as Exhibit "7" and another Consent to Join form to all individuals on the Collective List who have not opted into the Lawsuit via e-mail;

15. Within seven (7) days of receipt of any "Consent to Join" Form, Plaintiff's Counsel shall electronically file such form via the Court's electronic case filing system ("ECF") on the docket in this matter.

| | |
|---|---|
| **THE OTTINGER FIRM, PC** | **LAW OFFICES OF WILLIAM CAFARO** |
| */s/ Benjamin Weisenberg* | */s/ William Cafaro* |
| Robert W. Ottinger, Esq. | William Cafaro, Esq. |
| Benjamin Weisenberg, Esq. | Amit Kumar, Esq. |
| *Attorneys for Defendants* | *Attorneys for the Named Plaintiff and putative class and collective* |
| 401 Park Avenue, South | 108 West 39th Street, Suite 602 |
| New York, New York 10016 | New York, New York 10018 |
| (212) 571 - 2000 | (212) 583-7400 |

So Ordered:

*Peggy Kuo*
Peggy Kuo, U.S.M.J.

January 18, 2018

5